UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

20-mj-480 DTS

In the Matter of the Complaint and Arrest of
MOHAMED HUSSEIN ABDI.

**FILED UNDER SEAL**
PETITION OF THE UNITED
STATES FOR AN ORDER
SEALING COMPLAINT, ARREST
WARRANT,
AFFIDAVIT, RETURN,
PETITION, AND ORDER
FOR SEALING

COMES NOW the United States of America by its undersigned attorneys and in support of its Petition for an Order Sealing Complaint, Arrest Warrant, Affidavit, Return, and Petition in the above-captioned matter, states as follows:

1. On June 26, 2020, The Honorable David T. Schultz issued a Warrant authorizing the arrest of Mohamed Hussein Abdi.

2. The Affidavit of Special Agent Dominic S. Bates, submitted in support of the Arrest Warrant, sets forth facts establishing probable cause to believe that Abdi committed arson, in violation of 18 U.S.C. § 844(i).

3. The arrest warrant documents presented to this Court include detailed and sensitive investigative information regarding a series of arsons in St. Paul, Minneapolis. Nondisclosure of the arrest warrant and related documents is necessary to prevent the ongoing investigation from being compromised. First, public filing of the documents may cause Abdi and his companions to continue evading arrest. It could cause other targets or witnesses to flee as well. Second, public filing would compromise details about the nature, extent, and scope of the investigation. This may frustrate law enforcement efforts to continue to pursue Abdi and those with whom he committed crimes. Third, disclosure would jeopardize the safety and wellbeing of law enforcement officers who will be attempting to arrest Abdi and his companions.

4. The Court's power to prevent disclosure of its files, especially for a limited

period of time, is well established. This general power has been recognized by the United States Supreme Court.

> It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over some records and files and access has been denied where court files might have become a vehicle for improper purposes.

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). The Eighth Circuit has recognized the Court's specific power to restrict access to warrant documents like those at issue here:

> We hold that the qualified first amendment right of public access extends to the documents filed in support of search warrants and that the documents may be sealed if the district court specifically finds that sealing is necessary to protect a compelling government interest and that less restrictive alternatives are impracticable.

*In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

5. The Eighth Circuit and district courts within the Circuit have recognized that the circumstances surrounding ongoing investigations constitute compelling government interests warranting the sealing of warrant documents. For example, the Eighth Circuit has approved sealing warrant documents that "describe[d] in detail the nature, scope and direction of the government's investigation and the individuals and specific projects involved," resulting in "substantial probability that the government's on-going investigation would be severely compromised if the sealed documents were released." *Id.* at 574. Moreover, the Eighth Circuit has recognized that warrant affidavits permeated with references to individuals other than the subjects of the warrant and/or with information revealing the nature, scope and direction of the government's ongoing investigation may be sealed not only because they present compelling government interests justifying sealing, but also because less restrictive alternatives to sealing are in such circumstances impracticable.

2

*Gunn*, 855 F.2d at 574.

6. Based upon the foregoing and all the files and proceedings to date, the United States respectfully requests that this Court issue an Order Sealing the Warrant, Application, Affidavit of Special Agent Dominic S. Bates, Return, this Petition, and the Sealing Order until the close of business on December 26, 2020, unless a compelling interest is shown by the United States for a continuation of the sealing.

7. The United States respectfully requests that the Court grant the order to seal the attached warrant and the affidavit of Dominic S. Bates, expect that the United States may disclose the attached warrant and warrant materials to other law enforcement entities, including those outside the United States, for the purpose of executing the arrest warrant.

Dated: June 26, 2020

Respectfully submitted,

ERICA H. MacDONALD
United States Attorney

*/s/ Emily Polachek*

BY: MELINDA A. WILLIAMS
EMILY A. POLACHEK
Assistant United States Attorneys